47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton A. KORCH, Defendant-Appellant.
 No. 94-3464.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Milton Korch brings a direct appeal from a criminal conviction in which his counsel seeks leave to withdraw representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1993, Milton Korch was issued a petty offense citation for failure to comply with signs of a directive and restrictive nature posted for safety (No Smoking) in a Veterans Administration medical center, in violation of 38 C.F.R. 1.218(b)(6). Korch was given a bench trial and found guilty. The district court fined Korch $25 and imposed a statutory $10 special assessment. Korch paid these monies into court and filed the present appeal.
 
 
 3
 On appeal, counsel for Korch filed a motion to withdraw representation as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Korch was notified that he had until October 14, 1994, to respond to this brief or bring additional matters to the court's attention. Korch has chosen not to do so.
 
 
 4
 The record reflects the following: Korch is a wheelchair-bound resident of the Veterans Administration Medical Center in Dayton, Ohio. On September 29, 1993, an employee of the Center observed Korch smoking a cigarette in an area clearly marked "No Smoking." The employee notified her superior after Korch refused to extinguish his cigarette when approached. (This incident, apparently, was the last in a series of confrontations between Korch and Center staff members over Korch's insistence on smoking in prohibited areas.) Korch was ultimately issued a petty offense citation by an officer who did not witness the event.
 
 
 5
 Korch's case was tried to the bench. The evidence adduced included testimony from the employee who witnessed Korch's smoking, her supervisor and Korch. The Center employees related the version of the incident noted above. Korch did not deny the charge but instead contended that there was no suitable area in which he could smoke and that his right to smoke was grounded in Christian tenets. The district court found Korch guilty as charged. The court levied a $25 fine and a $10 special assessment that Korch paid before filing the present appeal.
 
 
 6
 Counsel for Korch has filed an "Anders brief" in which she sets forth four arguable appellate issues, all couched in terms of the denial of the Fed. R. Crim. P. 29 motion for judgment of acquittal. These issues, and the appeal, are meritless.
 
 
 7
 The first and fourth arguments are that the Rule 29 motion should have been granted as the charging instrument (ticket) was defective. Specifically, counsel lists the defects as 1) being signed by an officer who did not witness the actual offense, and 2) charging a violation of the incorrect subsection (38 C.F.R. 1.218(a)(6) instead of 1.218(b)(6)). These arguments are of no moment. The standard by which to judge the constitutionality of a charging instrument is mandated by the Sixth Amendment, a standard which requires basically that the instrument inform the defendant of the nature and cause of the accusation. United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir. 1983) (en banc), cert. denied, 466 U.S. 970 (1984). The obverse of the citation issued to Korch lists the "Offense Code" as 38 C.F.R. 1.218(a)(6) with this "Offense Description":
 
 
 8
 Failure to comply with signs of a directive and restrictive nature posted for safety purposes. (Smoking inside of Bldg. 320 TV lounge)
 
 
 9
 The reverse "Statement of Probable Cause" contains this narrative supplied by the issuing officer:
 
 
 10
 I state that on 10-01, 1993, while exercising my duties as a law enforcement officer at or near VAMC Day. Oh. in the Southern District of Ohio: On 9-29-93 at 7:20 p.m. Mr. Edward Murphy, employee, observed the defendant smoking inside Bldg. #320 TV lounge. This area is a posted No Smoking area. Defendant has received 4 prior warnings, and 3 district court violations for same offense.
 
 
 11
 It is readily apparent, and was never seriously questioned at trial, that Korch knew exactly what conduct caused him to be issued a citation for smoking in a restricted area. That the improper subsection was noted on the ticket was and is not a constitutional impediment to his due process rights.
 
 
 12
 The second suggested ground for appeal is that a Section 1.218(b)(6) violation must be based on a safety issue and the instant offense was based on a health issue. Counsel points to testimony of record which she claims supports this argument. Regardless of the legal merits of this claim, it is clear that the cited testimony supports the inference that both safety and health concerns motivated the "No Smoking" designations.
 
 
 13
 Counsel's final suggested ground in support of the appeal is that Korch's conduct should be excused as the VA failed to provide their residents (especially the wheelchair-bound Korch) a readily accessible, safe smoking area. Assuming the validity of this as a defense, testimony does support her claim that at least one of the designated smoking areas is not a climate controlled area (a covered porch) and is "several hundred yards away." It is also apparent, however, that the VA does have some designated, climate controlled smoking areas which Korch, in his wheelchair, can reach. Indeed, on the day of the incident the outside temperature (for the accessible covered porch) was 63 degrees Fahrenheit. There is thus no indication that Korch was unable to comply with the facility's smoking restrictions; there is every indication that he was unwilling to do so. The appeal lacks merit.
 
 
 14
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.